**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee of the Aames Mortgage Investment Trust 2004-1,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00572-O** |
| **JESSE A. VALVERDE, *et al.*,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Deutsche Bank National Trust Company ("Deutsche Bank"), initiated foreclosure proceedings against the property of Defendants Jesse A. Valverde and Yolanda Valverde ("Borrowers") after they failed to make their monthly payments as described in the Loan Agreement. ECF No. 1. At Deutsche Bank's request (ECF No. 13), the Clerk of the Court entered Borrowers' default on September 14, 2022. ECF No. 16. Deutsche Bank filed its Motion for Default Judgment on the same day. ECF No. 15. United States District Judge Reed O'Connor referred the Motion for Default Judgment and all related pleadings to the undersigned on September 16, 2022. ECF No. 17. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion for Default Judgment against the Borrowers and award attorney fees in an amount to be determined by subsequent motion and order.

## I. BACKGROUND

Borrowers own certain real property and improvements at 3025 Tex Blvd., Fort Worth, Texas 76116 ("Property"). ECF No. 1 at 4. On or about October 19, 2004, Jesse Valverde executed

a Texas Home Equity Note ("Note") payable to Aames Funding Corporation, in the maximum principal amount of $110,400.000, plus interest. *Id*. Jesse Valverde and his wife, Yolanda, also executed a Texas Home Equity Security Instrument ("Security Instrument"), securing payment of the Note with a first lien on the Property. *Id*. The Note and Security Instrument are collectively referred to as the "Loan Agreement." Subsequently, Aames assigned and transferred the Loan Agreement to Deutsche Bank. *Id*. at 5. Deutsche Bank then became the mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4). *Id*.

Under the terms of the Loan Agreement, the Borrowers were required to pay the principal and interest on the debt evidenced by the Note when due, as well as any other applicable charges and fees. *Id.* If the Borrowers failed to make payments on the Note as they became due or failed to comply with any of the conditions of the Loan Agreement, Deutsche Bank could enforce the Security Instrument by selling the property according to law and in accordance with the provisions set forth in the Loan Agreement. *Id*.

Borrowers failed to make timely payments on the amount owed on the Loan Agreement. *Id*. As a result, Deutsche Bank mailed them a Notice of Default, and when the Borrowers did not cure the default, Deutsche Bank accelerated the Loan Agreement. *Id*. Deutsche Bank also mailed Borrowers a Notice of Acceleration. *Id*. Borrowers have incurred a debt of $121,358.15 for unpaid payments as of June 24, 2022. *Id.* at 3.

Deutsche Bank filed the pending suit against the Borrowers on July 5, 2022. ECF No. 1. On July 13, 2022, a certified process server personally served process on Jesse Valverde. ECF No. 6. The process server served Yolande Valverde by hand delivery of the process to her husband at their residence. ECF No. 7. Despite proper service of process upon them, Borrowers have not responded to the instant suit.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co.* v. *Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* Fed. R. Civ. P. 55(a) (noting default occurs where the defendant "has failed to plead or otherwise defend" against the complaint). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default, the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may not enter default judgment against an individual in military service until an attorney is appointed to represent the defendant. 50 U.S.C. § 521.

However, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis* v. *Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey* v. *Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," although this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig*., 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers* v. *Hartford Life & Accident Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999)). Default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala* v. *Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); see also *U.S. for Use of M-Co Constr., Inc*. v. *Shipco General, Inc*., 814 F.2d 1011, 1014 (5th Cir. 1987 (calling default judgments "draconian").

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc.* v. *Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, they ask if default judgment is procedurally warranted. *See Lindsey*, 161 F.3d at 893. Second, they analyze the substantive merits of the plaintiff's claims and determine if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co.* v. *Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, they determine what form of relief, if any, the plaintiff should receive. *Morelia*, 126 F. Supp. 3d at 813.

## III. ANALYSIS

The Clerk entered Deutsche Bank's default against the Borrowers (ECF No. 16), and the Court now must determine if default judgment is appropriate. *Lewis*, 236 F.3d at 767. To do so, the undersigned applies the three-pronged inquiry. *See Morelia*, 126 F. Supp. 3d at 813. The Borrowers are not individuals in military service and, therefore, the Court can evaluate, and potentially grant, default judgment against the Borrowers pursuant to 50 U.S.C. § 521. *See* ECF No. 15-1 at 5, 7.

### A. Default judgment is procedurally appropriate under *Lindsey.*

Under *Lindsey*, courts look to six factors to determine whether a default judgment is procedurally warranted. *See Lindsey* 161 F.3d at 893. The Court will consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Id*. All six of the *Lindsey* factors support the entry of default judgment against the Borrowers.

No material issues of fact remain concerning Borrowers' failure to pay the amounts owed on the Loan Agreement. Borrowers have not filed any responsive pleadings, no material facts are in dispute, and the Court may take Deutsche Bank's pleadings as true. *See Id.*; *Nishimatsu*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). The first *Lindsey* factor favors default judgment.

Similarly, nothing in the record suggests any "substantial prejudice" towards the Borrowers that would undermine Deutsche Bank's entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. Deutsche Bank properly served the Borrowers with the Complaint, and the Borrowers were given ample time and opportunity to respond in this matter. *See* ECF Nos. 5, 6. A process server personally served Jesse Valverde, which constitutes proper service under Federal Rule of Civil Procedure 4(e)(2)(A). Likewise, the process server left a copy of process for Yolanda Valverde at her home ("her dwelling or usual place of abode") with her husband, Jesse Valverde ("someone of suitable age and discretion who resides there"), which satisfies the requirements of Federal Rule of Civil Procedure 4(e)(2)(B). *See Hanna v. Plumer*, 380 U.S. 460, 461 (1965) (holding that leaving the summons and complaint with the respondent's wife at the respondent's residence was proper service to someone with suitable age and discretion); *see also People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (holding that defendant's wife was a person of suitable age and discretion and, therefore, service of process was proper under Fed. R. Civ. P. 4(e)). Further, the certified process server attested in a statement sworn to before a notary that he delivered the process to the residence of Jesse Valverde and Yolanda Valverde. ECF No. 7.

Additionally, the process server's delivery of process to Jesse Valverde at Yolanda Valverde's residence was enough to constitute proper service on her under the Texas Rules of

Civil Procedure. *See* Fed. R. Civ. P. 4(e)(1) (service on an individual within a judicial district may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). Texas Rule 106 allows service by leaving a copy of process with anyone older than sixteen at the location where the defendant probably can be found if a process server unsuccessfully attempts to serve process on a defendant at that location. The process server here left a copy of the process at Yolanda Valverde's residence, a location where she could probably have been found, with her husband Jesse Valverde, an individual older than sixteen years of age. ECF No. 7.

Although the record does not state Jesse Valverde's age, the Court notes that he was over sixteen years of age when he was served in July 2022 because he executed the Loan Agreement on October 19, 2004. ECF No. 1-1 at 2, 9. This is enough to establish that he was over the age of sixteen, and the process server could leave the service of process documents with him under Texas Rule of Civil Procedure 106(b)(1). Moreover, the process server attested in a statement sworn to before a notary that he delivered the documents to Jesse Valverde at Yolanda Valverde's residence. ECF No. 7. Therefore, Deutsche Bank properly served Borrowers with process and notified them of this case. *Lindsey's* second factor also favors default judgment.

The grounds for default in this case were clearly established, and nothing in the record indicates that the default is due to a "good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. Deutsche Bank properly served process upon the Borrowers through a certified process server on July 13, 2022. ECF Nos. 6, 7. Deutsche Bank also mailed a copy of its Motion for Default Judgment to the Borrowers on September 14, 2022. ECF No. 15. However, despite having multiple opportunities and reasonable time to answer Deutsche Bank's foreclosure action,

the Borrowers failed to respond or file any other pleadings explaining their unresponsiveness. Therefore, the third and fourth *Lindsey* factors favor default.

Additionally, default judgment against the Borrowers would not be too harsh a remedy given their failure to respond to Deutsche Bank's Complaint. *See Lindsey*, 161 F.3d at 893; *see also Joe Hand Promotions, Inc*. v. *Tacos Bar & Grill, LLC*, No. 3:16-cv-01889-M, 2017 F.3d at 893, at *2 (N.D. Tex. Jan. 26, 2017) ("Entering default judgment against [Defendants], who have taken no action to respond to this action, is not 'harsh.'") (citing *Lindsey*, 161 F.3d at 893); *John Perez Graphics & Design, LLC* v. *Green Tree Inv. Grp*., No. 3-12-cv-4194-M, 2012 WL 1828671, at *3 (N.D. Tex. May 1, 2012) ("[Defendant] has had over five months to answer or otherwise respond to Plaintiff's complaint, mitigating the harshness of a default."). Default judgment is proportionate to the Borrowers' conduct. The fifth *Lindsey* factor favors default.

Finally, given the clear satisfaction of the first five factors, nothing indicates that the Court would "be obliged to set aside the default upon motion from the defendant." *See Lindsey*, 161 F.3d at 893; *see also Moreno* v. *LG Elecs*., 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense."). Accordingly, the *Lindsey* analysis reflects default judgment is proper here.

**B. The pleadings establish a sufficient basis for default judgment.**

Deutsche Bank requests the Court to enter default judgment against the Borrowers and issue a declaration that Deutsche Bank's statutory probate lien against the Property should be enforced by foreclosure or public action—or alternatively, a judgment for judicial foreclosure—so that the Borrowers are divested of their rights, title, and interest to the Property. ECF No. 1 at 5-7. Deutsche Bank seeks to enforce this statutory probate lien under Texas Property Code §

51.002. ECF No. 1 at 6. However, under Texas law a party must secure a court order authorizing foreclosure on property securing a lien on homestead, such as the one at issue. ECF No. 1-1; Tex. Const. art. XVI § 50(a)(6)(C).

Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. Deutsche Bank has produced a copy of the Security Instrument signed by the Borrowers, which evidences that Deutsche Bank is the current holder of the Note and has the right to enforce the Note and Security Instrument. ECF No. 1-1 at 9-25. To foreclose under a security instrument with a power of sale, the lender need only demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration. Tex. Prop. Code § 51.002. *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014); *Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019).

The Borrowers' default serves as an admission of Deutsche Bank's allegations. *See Nishimatsu*, 515 F.2d at 1206. Thus, a consequence of the entry of a default judgment is that the factual allegations of the Complaint will generally be taken as true. *Shipco*, 814 F.2d at 1014. Deutsche Bank's uncontested Complaint establishes that the Borrowers have incurred a debt of $121,358.15 for unpaid payments as of June 24, 2022 (ECF No. 1 at 3) and, therefore, are in default under the Note and the Security Instrument. Moreover, the uncontested Complaint shows that Deutsche Bank sent a Notice of Default to the Borrowers on February 22, 2022, and the Notice of Acceleration to the Borrowers on May 26, 2022. ECF No. 1 at 5. Deutsche Bank has also provided evidence that the Borrowers granted a lien created under art. XVI, § 50(a)(6) of the Texas Constitution to secure the debt. ECF No. 1-1 at 11. Based on the uncontested record, the Complaint

establishes that Deutsche Bank has satisfied the necessary requirements of Texas Property Code § 51.002.

**C. Deutsche Bank is entitled to an order granting non-judicial foreclosure sale of the Property and an award of attorney fees in an amount to be set by subsequent motion and order.**

After determining that a default judgment is both procedurally valid and substantively well-founded, the Court must determine what form of relief Deutsche Bank should recover. *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *Shipco*, 814 F.2d at 1014.

Deutsche Bank requests that the Court enter an order allowing it to proceed with non-judicial foreclosure sale in accordance with the Security Instrument, Tex. R. Civ. P. 735, and Texas Property Code § 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment. ECF No. 15 at 3. Because Deutsche Bank has shown that it has satisfied the necessary requirements of Texas Property Code § 51.002, the Court should grant its request and enter an order authorizing the foreclosure sale of the Property.

Deutsche Bank also asks the Court to award it attorney fees as additional debt owed on the underlying loan agreement, and not as a personal judgment, along with all costs of suit. *Id.* This request is consistent with the Loan Agreement (*see* ECF No. 1-1 at 21) and applicable legal authorities. *See Huston*, 988 F. Supp. 2d at 741 ("[W]hile the mortgagor is not personally liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale."); *see also, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Blackerby*, No. 1:17-cv-00132-RP, 2017 WL 8811742, at *4 (W.D. Tex. Dec. 28, 2017) (ordering "that the following are secured by the Security Instrument on the Property: the

outstanding balance of the debt; prejudgment interest; post-judgment interest; and court costs"), *rec. adopted sub nom. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec., Inc., Asset-Backed Pass-Through Certificates 2002-3 v. Blackerby*, 2018 WL 8578437 (W.D. Tex. Feb. 26, 2018).

However, Deutsche Bank has not offered evidence to support an award of attorney fees in a specific amount. The Court therefore should order that it recover its attorney fees in an amount to be determined by subsequent motion and order. *See* Fed. R. Civ. P. 54(d)(2).

## IV. CONCLUSION

Because Deutsche Bank properly served process on the Borrowers and default judgment is appropriate under the facts of the case, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion for Default Judgment (ECF No. 15) against the Borrowers, but order that Deutsche Bank recover its attorney fees in an amount to be determined by subsequent motion and order. *See* Fed. R. Civ. P. 54(d)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided be law. Any party who objects to any part of these finding, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C § 636(b)(1); Fed R. Civ, 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of

plain error. See Douglas v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

SIGNED on November 9, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE